IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDY R. HERNANDEZ, | : | CIVIL NO. 1:CV-11-1064 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MARY SABOL, et al., | : | |
| Respondents | : | |

**MEMORANDUM**

Sandy R. Hernandez, ("Hernandez"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania, filed this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 2, 2011. (Doc. No. 1.) Hernandez contends that his mandatory detention pending the resolution of removal proceedings pursuant to 8 U.S.C. § 1226(c) is not authorized and therefore unlawful. For the reasons that follow, the Court finds that Hernandez is subject to mandatory detention provisions of § 1226(c), and that his continued detention pending resolution of the removal proceedings is reasonable under the particular facts of this case.

**I.     Background**

Hernandez is a native and citizen of the Dominican Republic. He entered the United States on or about September 8, 1984 at New York, New York. On September 6, 1995, he was convicted in the Superior Court of New Jersey at Middlesex County, New Jersey, for the offense of Distribution of a Controlled Substance (cocaine), in violation of N.J.S. 2C:35-5a(1). (Doc. No. 5-1, Ex. 1, Notice to Appear and Ex. 4, Criminal Record). He was also convicted on January 8, 2002, following a plea of guilt, in the Criminal Court of New York, New York for the offense of Criminal Possession of a Controlled Substance in the Seventh Degree, (cocaine), in

violation of NY PG20.03. (Id.; Ex. 5, Criminal Record.) He was sentenced to time served and released from criminal custody the same date.

On April 20, 2007, Hernandez appeared before immigration officials for an examination with respect to an application for naturalization he had submitted in accordance with Section 316(A) of the Immigration and Nationality Act ("INA"). Hernandez was found ineligible for naturalization on the basis of "Poor Moral Character" due to his 1995 conviction on the New Jersey charge for Distribution of a Controlled Dangerous Substance, an aggravated felony as defined in Section 101(a)(43) of the INA. (Id., Ex. 6, 4/20/07 Decision at 2-4.)

On February 16, 2011, immigration agents traveled to an address in Bethlehem, Pennsylvania in an effort to serve Hernandez with a Notice to Appear. Although they did not locate him at that time, they did speak with Hernandez over the telephone. He was subsequently served with the Notice to Appear on February 28, 2011, and taken into ICE custody at that time. Hernandez was charged as being subject to removal from the United States pursuant to Section 237(a)(2)(A)(iii) of the INA, codified at 8 U.S.C. § 1227(a)(2)(A)(iii), in that he was convicted of an aggravated felony, and Section 237(a)(2)(B)(I) of the INA, 8 U.S.C. § 1227(a)(2)(B)(I), in that he was convicted of violating any law relating to a controlled substance. (Doc. No. 501, Ex. 1 at 3, Notice to Appear.) On the same date, a Notice of Custody Determination and a Warrant for Arrest of Alien were issued. (Id., Exs. 2, 3.)

Since February 28, 2011, Hernandez has been mandatorily detained at the York County Prison pursuant to 8 U.S.C. § 1226(c) during the pendency of the removal proceedings against him. On June 2, 2011, he filed the instant petition for writ of habeas corpus through counsel challenging his mandatory pre-final removal order detention. He maintains that he is not subject

to the mandatory detention statute given that he was not taken into immigration custody immediately upon his release from criminal custody on January 8, 2002, as required by § 1226(c). As such, he requests this Court to either grant his petition and release him or order that he be granted an individualized bond hearing. (Doc. No. 3, Pet. at 5.) On June 8, 2011, the Court ordered the Government to respond to the petition. (Doc. No. 3.) The Government submitted its response on June 28, 2011 (Doc. No. 5.) Petitioner submitted his reply brief on July 31, 2011 (Doc. No. 7).

**II.     Discussion**

Hernandez is being held pursuant to 8 U.S.C. § 1226(c), which governs the mandatory detention of aliens pending removal decisions. The statute states in pertinent part:

> (1) Custody. – The Attorney General shall take into custody any alien who –
>
>> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>>
>> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B),(C), or(D) of this title,
>>
>> (C) is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
>>
>> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
>
> (2) Release. – The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential

>witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C. § 1226(c).

Hernandez is charged as being deportable under section 237(a)(2)(A)(i)&(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i) & (iii). (Doc. No. 5-1, Ex. 1.) He states that he is not seeking review of a removal order. Rather, he seeks review of ICE's decision to keep him in mandatory detention pending the final outcome of his removal proceedings. He argues that he was not taken into custody in accordance with the statutory language mandating detention. He also asserts that his detention has been unreasonably prolonged and violates due process protections. The Court will now address each of these issues.

  **A.**  **Fact of Detention**

Hernandez maintains that he is not subject to detention because ICE did not apprehend him immediately upon his release from his criminal custody on January 8, 2002, following his plea of guilt and his sentence to time served. His claim centers on the "when . . . released" language in 8 U.S.C. § 1226(c). Petitioner argues that he "is not subject to the mandatory detention statute given that [he] was not taken into immigration custody immediately upon release from criminal custody . . ." as required by 8 U.S.C. § 1226(c). (Doc. No. 1, Pet. at 6.) Specifically, Hernandez avers that his detention was untimely because after being released from prison on January 8, 2002 for the removable offense of Criminal Possession of a Controlled substance in the Seventh Degree, that he was not taken into custody by ICE until February 28, 2011 – years later. (Id. ¶¶ 23-24.)

The Supreme Court has made clear that "[c]onsistent with the rule in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984), the [Board of Immigration Appeals (BIA)] is entitled to deference in interpreting ambiguous provisions of the INA." Negusie v. Holder, 555 U.S. 511, ___, 129 S. Ct. 1159, 1163 (2009); Tineo v. Ashcroft, 350 F.3d 382, 389 (3d Cir. 2003). In those instances, the Court's inquiry narrows to determine "whether the statute is silent or ambiguous . . . and, if so, whether the agency's answer is based on a permissible construction of the statute. Tineo, 350 F.3d at 389 (citation and internal quotation marks omitted). "Congress has charged the Attorney General with administering the INA, and a 'ruling by the Attorney General with respect to all questions of law shall be controlling.'" Negusie, 129 S. Ct. at 1164 (quoting 8 U.S.C. § 1103(a)(1)). The Attorney General has delegated to the BIA the discretion and authority conferred upon the Attorney General by law to consider and determine the cases that come before it. Id.

This Court has previously addressed the precise issue presented by Petitioner, and found the "when the alien is released" clause contained in 8 U.S.C. § 1226(c) to be ambiguous. See Sidorov v. Sabol, No. 09-cv-1868 at 6-9 (M.D. Pa. Dec. 18, 2009). In so doing, this Court recognized that Congress has not provided any definition for the "when the alien is released" clause within the statutory scheme, see 8 U.S.C. § 1101, as well as the fact that the word "when" has many meanings. (Id. at 7.) While acknowledging that district courts have arrived at different conclusions over whether the text in issue is ambiguous[1], this Court opined that those

---

[1] Compare Sulayao v. Shanahan, No. 09-cv-7347, 2009 WL 3003188, at *4 (S.D. N.Y. Sept. 15, 2009)(stating that "Section 1226(c) is ambiguous" and finding that it applied to petitioner taken into custody over three months after his release from state prison) and Saucedo-Tellez v. Perryman, 55 F. Supp. 2d 882, 885 (N.D. Ill. 1999)(finding language in § 1226(c) to be unclear and no dispositive) with Bromfield v. Clark, No. 06-757, 2007 WL 527511, at *4-5

5

courts finding ambiguity in § 1226(c) have properly done so by recognizing that the phrase "when the alien is released" may be read in two different ways, either by modifying only "alien" or by modifying "Attorney General," each with differing results.[2] Id. at 8. As such, consistent with this Court's earlier finding, § 1226(c) is found to be ambiguous.

While finding the statute to be ambiguous, this Court has also found the BIA's interpretation of the statute not to be arbitrary and capricious. Sidorov at 9-15. In so doing, this Court relied on the decision in In re Rojas, 23 I & N Dec. 117, 2001 WL 537957 (BIA 2001), wherein the BIA addressed the very issue before the Court in the instant case. In Rojas, the BIA reasoned that while in analyzing the meaning of the word "when" they found the statute to be ambiguous, they further found that the reading of the "when the alien is released" clause in § 1226(c) to be neither arbitrary or capricious. As such, this Court found that we must defer to the BIA's construction under Chevron. See Sidorov at 13. For these reasons, and because this Court finds the BIA's decision in Rojas to be controlling, the challenge by Hernandez to the timeliness of when he was taken into custody fails, and he is properly subject detained pursuant to 8 U.S.C. § 1226(c).[3]

---

(W.D. Wash. Feb. 17, 2007)(declining to give BIA decisions deference and concluding that the "when the alien is released" clause requires aliens to be detained at the time of release from state custody) and Waffi v. Loiselle, 527 F. Supp. 2d 480, 488 (E.D. Va. 2007)(finding that § 1226(c) was unambiguous and did not apply to petitioner taken into ICE custody one month following his release from state custody.

[2] If the phrase modifies only "alien," it can be read as requiring ICE to act at the moment of release. If, however, the clause is read to modify "Attorney General" and the scope of his mandate, it can be read as allowing ICE to arrest a criminal alien at any time after the alien is released from criminal custody. See Sulayao, 2009 WL 3003188 at *4; Saucedo-Tellez, 55 F. Supp. 2d at 885.

[3] The Court does recognize a contrary decision from this district in the matter of Dang v. Lowe, No. 1:CV-10-0446, 2010 WL 2044634 (M.D. Pa. May 20, 2010), adopting the Report and

B.     **Length of Detention**

While the Court finds that Hernandez is subject to mandatory detention as authorized by 8 U.S.C. § 1226(c), we also liberally construe his petition to challenge the constitutionality of any such pre-final order detention for a prolonged period of time without a bond hearing. In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory detention prior to the entry of a final order of removal under § 1226(c) does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id., at 524-29.

An exact definition of what constitutes a reasonable period of detention under § 1226(c) has not yet been decided by the Third Circuit Court of Appeals. However, in addressing this question, this Court concurs with the position recently taken by the United States Court of Appeals for the Third Circuit that prolonged detention of aliens under § 1226(c) raises constitutional concerns. Diop v. ICE/Homeland Security, ___ F.3d ___, Civil No. 10-1113, 2011 WL 3849739 (3d Cir. Jan. 24, 2011). This is the growing consensus within this district and throughout the federal courts. See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v.

---

Recommendation 2010 WL 2044632 (Rambo, J.)(finding 8 U.S.C. § 1226(c) is not ambiguous.) However, the Court notes that this decision did not address this Court's finding in Sidorov that the "when the alien is released" language in the statute is subject to two reasonable interpretations. In any event, the Dang decision is not binding on this Court.

Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Prince v. Mukasey, 593 F. Supp. 2d 727, 734 (M.D. Pa. 2008).

The Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," id. at 513, 523, "limited," id. at 526, 529 n. 12, 531 and "temporary," id. at 531, period necessary for removal proceedings. Although prolonged detention serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, it does not satisfy the expectation that such proceedings will be conducted in an expeditious manner. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir. 2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Recently, in Diop, the Third Circuit Court of Appeals joined the above courts in concluding as follows:

> Reasonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of any given case. That being said, we note that the reasonableness of any given detention pursuant to § 1226(c) is a function of whether it is necessary to fulfill the purpose of the statute, and, given that Congress and the Supreme Court believed those purposes would be fulfilled in the vast majority of cases within a month and a half, and five months at the maximum, see Demore, 538 U.S. at 530, the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds. In this case, there can be no question that Diop's detention for nearly three years without further inquiry into whether it was necessary to ensure his appearance at the removal proceedings or to prevent a risk of danger to the community, was unreasonable, and, therefore, a violation of the Due Process Clause.
>
> It was unconstitutional to detain Diop for nearly three years under the authority granted by Congress in § 1226)(c). Nevertheless, "if Congress has made its intent in the statute clear, we must give

>effect to that intent." Zadvydas, 533 U.S. at 696 (internal quotation marks omitted). We do not believe that congress intended to authorize prolonged, unreasonable, detention without a bond hearing. For one, the parties have not provided any legislative history in support of such a conclusion. Furthermore, in Demore, the Supreme Court observed that Congress directed the INS to "complete removal proceedings against [criminal aliens] as promptly as possible." 538 U.S. at 530 n.13. This, combined with statistics showing that detention is often for only a brief period of time, leads us to believe that Congress did not intend to authorize prolonged detention pursuant to § 1226(c) without, at some point, requiring further inquiry into whether detention is necessary to carry out that statute's purpose. Accordingly we conclude that § 1226(c) contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that here be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. Cf. Zadvydas, 533 U.S. at 682, 699 (reading § 1231 to contain an implicit "reasonable time" limitation on the length of post-removal detention).

Diop, 2011 WL 3849739, at *21-22.

In the instant matter, Hernandez was taken into ICE custody on February 28, 2011. As such, he has been in ICE detention just over seven (7) months during the pendency of his removal proceedings. Based upon a review of the record of the removal proceedings that have been conducted, this Court concludes that the proceedings have not taken an "unreasonably long time," Ly, 351 F.3d at 268, and Hernandez has not been subject to what can be considered the type of "prolonged detention," Wilks v. DHS, Civil Action No. 1:07-0CV-2171, 2008 WL 4820654 (M.D. Pa. Nov. 3, 2008)(Caldwell, J.), that warrants habeas relief.

In his petition, Hernandez argues that he is not subject to mandatory detention. This Court has found otherwise. He does not maintain that his removal proceedings have been unreasonably delayed. Although at this point Hernandez has been detained longer than the 1½-5

month period that Congress and the Supreme Court believe it takes to fulfill the purpose of § 1226(c), the Court in Demore also indicated that these average times are not an inflexible outer limit to the constitutionality of mandatory detention without a hearing. This was evidenced by the finding that the petitioner's six-month detention, which was one month longer than average, was constitutional. Demore, 538 U.S. at 530-31; see also Alli v. Decker, 644 F. Supp. 2d 535, 543 (M.D. Pa. 2009)(agreeing with finding in Demore that whether detention has continued beyond the average times necessary for completion of removal proceedings is a significant factor, but not a per se limit on constitutionally permissible detention under § 1226(c); Matthias v. Hogan, C.A. No. 4:07-CV-1987, 2008 WL 913522, at *6 (M.D. Pa. Mar. 31, 2008)(finding that petitioner's 7-month detention did not warrant a hearing even though removal proceedings were ongoing); Abdul v. U.S. Dep't of Homeland Security, C.A. No. 1:07-CV-571 (M.D. Pa. Nov. 9, 2007)(finding that petitioner's 10-month detention as of the date of habeas decision did not warrant hearing even though removal proceedings were ongoing).

  Rather, this Court opts for a case-specific reasonableness standard such as the one set forth by the Court of Appeals for the Sixth Circuit in Ly, and followed by the Honorable John E. Jones, III of this district in Alli. While not providing an exhaustive list of the factors to be considered in making a determination as to whether detention under § 1226(c) is reasonable, Judge Jones focused on the following as critical factors in making such determination: (1) whether detention has continued beyond the average times necessary for completion of removal proceedings which were identified in Demore; (2) the probable extent of future removal proceedings; (3) the likelihood that removal proceedings will actually result in removal; and (4) the conduct of both the alien and the government during the removal proceedings. Alli, 644 F.

Supp. 2d at 543-45.

With this said, the Court finds that on the record before it there can be no finding that the mandatory detention of Hernandez at this point is unreasonable. Although Hernandez has been detained just over 7 months, there is no indication that the foreseeable period of continued detention will be long. In fact, on the present record, any such assumption is speculative. Although Petitioner speaks in terms of having a bona fide claim for relief under the Convention Against Torture, and states that if he were unsuccessful with respect to any such claim he would appeal, there is no evidence that he is pursuing any such claim at this time. Further, there is no evidence in the record of any delay or stalling on the part of ICE with respect to the ongoing removal proceedings. For these reasons, the pending petition for writ of habeas corpus will be denied. This is not to say, however, that at some time in the future Hernandez is in any way prevented from pursuing relief in that any challenge with respect to his continued detention without inquiry into its necessity becomes more suspect as his detention continues. See Demore, 538 U.S. at 530. Consequently, the petition will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SANDY R. HERNANDEZ,** : | CIVIL NO. 1:CV-11-1064 |
| **Petitioner,** : | |
| : | **(Chief Judge Kane)** |
| **v.** : | |
| : | |
| **MARY SABOL, et al.,** : | |
| **Respondents** : | |

**ORDER**

**AND NOW,** this 18th day of October, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

<u>S/ Yvette Kane</u>
YVETTE KANE, Chief Judge
Middle District of Pennsylvania